UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Cole,

    Plaintiff,

v.

United States Dep't of Justice et al.,

    Defendants.

Civil Action No. 10 0175

## MEMORANDUM OPINION

Plaintiff James Cole has filed an application to proceed in forma pauperis and a pro se complaint. The application will be granted and the petition will be dismissed.

Cole is a prisoner serving a life sentence without possibility of parole. He has styled this complaint as one challenging agency inaction in violation of the Administrative Procedure Act, 5 U.S.C. § 706. Compl. at 1. According to the complaint, then-Special Agent Willie Haynes "was able to convince" a "psychotic crack abuser to implicate" the plaintiff in a "massive cocaine trafficking scheme," and to testify against the plaintiff at trial. *Id.* at 2 (spelling altered). Apparently, plaintiff filed a complaint against Haynes with the Department of Justice, which was "dismissed." *Id.* at 3. "Plaintiff believes that his ... right to be heard has been violated by the Department taking no action against Mr. Haynes or giving plaintiff a complete explanation of why plaintiff's complaint cannot go further ...." *Id.* Ostensibly challenging the Department's decision, the complaint seeks relief that would exonerate the plaintiff of the crime for which he was convicted. Specifically, the complaint seeks, among other things, a declaration that "James

3

Cole was falsely implicated in a drug trafficking scheme," and that Haynes provided false evidence against the plaintiff in relation to the criminal charges brought. *Id.* at 4.

Despite the manner in which the plaintiff has styled his complaint, the relief sought reveals that it is essentially a collateral attack on the plaintiff's criminal conviction and sentence. *See McLean v. United States,* No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006) (noting that a court must determine the proper characterization of a filing by the nature of the relief sought) (citing *Castro v. United States,* 540 U.S. 375, 381-82 (2003)). Federal law provides that a prisoner in custody under sentence imposed by a federal court may collaterally attack that conviction and sentence by motion to the court that imposed the sentence. 28 U.S.C. § 2255(a); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir.1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing); *see also Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255). As this court did not impose the judgment of conviction and commitment, it is without jurisdiction to entertain this collateral attack on plaintiff's conviction. Accordingly, this complaint, construed as a collateral attack on the plaintiff's conviction, will be dismissed without prejudice for lack of subject matter jurisdiction.

A separate order of companies, this memorandum opinion.

Date: Jan. 22, 2010

United States District Judge

-2-